Ellis Barnhouse, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 7, 1985, to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*A. Charles Peruto,* with him, *Burton A. Rose, Peruto, Ryan & Vitullo,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 24, 1985:

Ellis Barnhouse appeals from the denial of parole by the Pennsylvania Board of Probation and Parole.

We must determine whether the board's refusal to grant petitioner parole is unconstitutional because it amounts to coerced self-incrimination, where the parole board twice has considered and refused parole to the petitioner because of his lack of cooperation in disclosing additional industrial waste locations. We must also determine whether the board abused its discretion in refusing to grant parole because of petitioner's failure to make restitution.

The petitioner pleaded guilty to charges of bribery and related matters, and the Court of Common Pleas

of Philadelphia County sentenced him to not less than eighteen months nor more than five years of imprisonment, along with substantial fines and restitution. At the end of his minimum term, the board denied petitioner parole because his criminal activity caused great damage to the public health and environment, and because of his failure to disclose to authorities other industrial waste dumps.

On September 17, 1984, the board again denied petitioner parole because of his lack of cooperation with the Department of Environmental Resources and his lack of cooperation with the City of Philadelphia in making restitution. From this denial, the petitioner filed a petition for review with this court.

In accordance with *Banks v. Pennsylvania Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197 (1971), the board has a duty to process the petitioner's application for parole, and it has done so here. The board, however, has discretion to grant or deny parole because parole, being a matter of administrative discretion and determination, is nonjudicial and not generally subject to judicial review under the law of Pennsylvania. *LaCamera v. Pennsylvania Board of Probation and Parole,* 13 Pa. Commonwealth Ct. 85, 317 A.2d 925 (1974).

However, where the petitioner asserts that denial of parole violated his constitutional rights, our scope of review includes a "determination of whether the Board failed to exercise any discretion at all, whether the Board arbitrarily and capriciously abused its discretion so as to amount to a violation of a constitutional right, and whether the procedure utilized by the Board violated any constitutional rights of the prisoner." *Counts v. Pennsylvania Board of Probation and Parole,* Pa. Commonwealth Ct. , 487 A.2d 450 (1985).

Petitioner argues that conditioning his parole on disclosure of industrial waste dumping sites would violate his constitutional right against self-incrimination. Petitioner's argument fails in view of *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979), which held that an individual seeking parole is not entitled to due process protections where a state only provides a possibility of parole, because he has no liberty interest in being granted parole. Protection against self-incrimination is one of the due process safeguards of the fifth amendment of the United States Constitution. U.S. Const. Amend. V. Under section 21 of the Pennsylvania Parole Board Act,[1] 61 P.S. §331.21,[2] a petitioner only has a possibility of parole, because the board is not required to release a convict on parole if certain requirements are met; instead, the board in its opinion may grant parole if it feels that the best interests of the Commonwealth and the prisoner are met.

Petitioner also argues that the board abused its discretion in denying his parole because of his failure to make restitution. Although the fact that the trial court ordered restitution to begin after the expiration of petitioner's minimum sentence gives some substance to the petitioner's claim that the trial judge contemplated that restitution would be coordinated with ability to earn funds while on parole, the fact remains

---

[1] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§331.1-331.34.

[2] Section 21 of the Act provides:

The board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, . . . whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.

that the trial judge does not have power to grant parole. Further, we note that the trial judge had before him the Commonwealth's sentencing memorandum which indicated that he was capable of making restitution. Therefore, the board did not abuse its discretion in denying parole because of failure to make restitution.

Accordingly, we affirm.

ORDER

Now, May 24, 1985, the adjudication of the Pennsylvania Board of Probation and Parole, dated September 17, 1984, is affirmed.