

## IV.

For these reasons, we REVERSE the district court grant of summary judgment and REMAND the case.

Calvin F. Duncan, pro se.

Freeman R. Matthews, Metairie, La., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Appellant Calvin F. Duncan appeals the dismissal of his civil rights suit against Orleans Parish Criminal Sheriff Charles C. Foti, Jr. Duncan's sole allegation at trial, and on appeal, is that the unavailability of notary services in the parish prison precludes his ability to gain documents under the Freedom of Information Act and the Privacy Act, 5 U.S.C. §§ 552, 552a. Duncan alleged that he had sought documents under these statutes, but that his request had been rejected because the request form requires notarization. The district court held that Duncan had no constitutional right to request information under the FOIA and the Privacy Act and dismissed the suit with prejudice.

**Calvin F. DUNCAN, Plaintiff-Appellant,**

**v.**

**Charles C. FOTI, Jr., Defendant-Appellee.**

No. 86–3692

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1987.

We need not reach this issue. Even if we were to hold that there is such a right, 28 U.S.C. § 1746 provides an alternative to notarization which should permit Duncan to file his FOIA and Privacy Act requests. Section 1746 provides, in pertinent part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required ... to be supported ... or proved by the sworn declaration ... [or] certification ... in writing of the person making same ..., such matter may, with like force and effect, be supported ... or proved by the

unsworn declaration [or] certificate ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(2) ... "I declare (or certify ...) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

Given the alternative permitted by § 1746, the defendant's failure to provide a notary did not preclude Duncan from filing FOIA and Privacy Act requests. Therefore, Duncan has failed to state a claim for relief under 42 U.S.C. § 1983. Accordingly, we affirm the district court's dismissal of the case.

AFFIRMED.