534 A.2d 150

Mack King, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole and Thomas Fulcomer, Respondents.

Submitted on briefs March 5, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Mack King,* for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, December 2, 1987:

This is a pro se petition for writ of mandamus which essentially contends that the Pennsylvania Board of Probation and Parole (the Board) on or about November 13, 1985, notified petitioner of a decision denying him parole. Petitioner contends, in his argument, that the reason for this denial is his effort to assist fellow prisoners in their legal problems. In a per curiam order dated February 26, 1986, this Court ordered that the case be treated as a petition for review in the nature of an appeal from a denial of parole addressed to this Court's appellate jurisdiction. The Board has filed a motion to quash contending that, although the Board denied the parole after sua sponte consideration, the petitioner had no right to be considered for parole since he had not filed an application for parole. Since the record does not show any application for parole filed by petitioner, the

motion to quash must be granted. In the interest of judicial economy in the likely event that petitioner will or has already filed an application for parole, we will address his contention that he is entitled to a review of the action of the Board in refusing his parole.

This Court has held that the Board has discretion to grant or deny parole because parole, being a matter of administrative discretion and determination, is nonjudicial and not generally subject to judicial review under the law of Pennsylvania. *Barnhouse v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 512, 492 A.2d 1182 (1985). Much broader in its implications is the case of *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 333, 514 A.2d 967 (1986). That case held that what the Board decides and why, being wholly a matter of the Board's discretion, is simply not subject to judicial review. *Reider* cites the case of *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1 (1979) for the following proposition:

> In Greenholtz, the United States Supreme Court stated that a decision by a parole board as to whether or not a parole should be granted may be made for a variety of reasons, sometimes involving no more than an informed prediction as to what would best serve the safety and welfare of the inmate and the community.

100 Pa. Commonwealth Ct. at 341, 514 A.2d at 971.

Our opinion in *Reider* did not discuss another aspect of the *Greenholtz* opinion. A majority of the U.S. Supreme Court concluded that there was no constitutionally protected "conditional liberty" interest recognized by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471 (1972), in connection with parole proceedings. The Court held in *Greenholtz:*

> There is no constitutional or inherent right of a convicted person to be conditionally released be-

fore the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: '[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.'

442 U.S. at 7. However, the Court pointed out that the Nebraska statute created a protectable expectation of parole since its language stated:

Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it *shall* order his release unless it is of the opinion that his release should be deferred because . . . (then enumerating several conditions). (Emphasis supplied.)

Neb. Rev. Stat. §83-1,114(2)(a)-(n) (1976). The Supreme Court concluded:

The Nebraska procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more.

442 U.S. at 16.

Mr. Justice POWELL, concurring in part and dissenting in part, said:

I agree with the Court that the respondents have a right under the Fourteenth Amendment to due process in the consideration of their release on parole. I do not believe, however, that the applicability of the Due Process Clause to parole-release determinations depends upon the particular wording of the statute governing the deliberations of the parole board, or that the limit-

ed notice of the final hearing currently given by the State is consistent with the requirements of due process.

442 U.S. at 18.

Mr. Justice MARSHALL dissented in part in an opinion in which Mr. Justice BRENNAN and Mr. Justice STEVENS joined. His opinion in part states:

My disagreement with the Court's opinion extends to both its analysis of respondents' liberty interest and its delineation of the procedures constitutionally required in parole release proceedings. Although it ultimately holds that the Nebraska statutes create a constitutionally protected 'expectation of parole,' the Court nonetheless rejects the argument that criminal offenders have such an interest whenever a State establishes the possibility of parole. This gratuitous commentary reflects a misapplication of our prior decisions and an unduly narrow view of the liberty protected by the Fourteenth Amendment. Since the Court chooses to address the issue, I must register my opinion that *all* prisoners potentially eligible for parole have a liberty interest of which they may not be deprived without due process, regardless of the particular statutory language that implements the parole system.

The Court further determines that the Nebraska Board of Parole already provides all the process that is constitutionally due. In my view, the Court departs from the analysis adopted in Morrissey v. Brewer, 408 U.S. 471 (1972), and Mathews v. Eldridge, 424 U.S. 319, 335 (1976), and disregards considerations that militate for greater procedural protection. To supplement existing procedures, I would require that the Pa-

role Board give each inmate reasonable notice of hearing dates and the factors to be considered, as well as a written statement of reasons and the essential facts underlying adverse decisions. 442 U.S. at 22.

Recently, the Supreme Court again addressed the problems arising out of parole proceedings. In the case of *Board of Pardons and Henry Burgess v. George Allen and Dale Jacobson,* 55 U.S.L.W. 4799 (U.S. June 9, 1987), the Court held, in a five to four opinion, that the Montana statute at issue, which provided that a prisoner eligible for parole "shall" be released when there is a reasonable probability that no detriment will result to him or the community and specifies that parole shall be ordered for the best interest of society and when the state board of pardons believes that the prisoner is able and willing to assume the obligations or a law abiding citizen, creates under the *Greenholtz* standards a liberty interest in parole release. Justice BRENNAN pointed out that three members of the court in *Greenholtz* believed that *all* prisoners potentially eligible for parole have a liberty interest of which they may not be deprived without due process regardless of the particular statutory language that implements the parole system. The Court affirmed the Court of Appeals which had held that the Montana statute was virtually indistinguishable in structure and language from the statute considered in *Greenholtz.* In a dissenting opinion by Justice O'CONNER with whom the Chief Justice and Justice SCALIA joined, the Court denied that under the Nevada statute there was any reasonable claim of entitlement *to parole.* Justice O'CONNER characterized *Greenholtz* "as an aberration which should be reexamined and limited strictly to its facts." 550 U.S. L.W. at 4803.

The relevant statute in this case, the Act of June 6, 1941, P.L. 861, §21, *as amended,* 61 P.S. 331.21 provides as follows:

> The Board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, except convicts condemned to death or serving life imprisonment, whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interest of the Commonwealth will be injured thereby.

A reading of the statute convinces us that it significantly differs from the Nebraska and Montana statutes addressed by the United States Supreme Court and warrants the conclusion that the appeal must be quashed.

In accordance with the above, the petition for review in this case is hereby quashed.

ORDER

Now, December 2, 1987, the petition for review filed by Mack King, from an order of the Pennsylvania Board of Probation and Parole, at Parole No. 5731-M, dated November 13, 1985, is hereby quashed.