**Anthony SUMMERS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 91–1120 (JHG).**

United States District Court, District of Columbia.

Nov. 14, 1991.

James H. Lesar, Washington, D.C., for plaintiff.

Michael Ambrosino, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

On May 15, 1991, plaintiff Anthony Summers ("Summers") initiated this action against the United States Department of Justice ("DOJ"), seeking, *inter alia,* a declaration that defendant's refusal to accept the privacy waiver of John H. Shaw, Sr. violates 28 U.S.C. § 1746. Presently pending are the parties' cross motions for summary judgment. For the following reasons, plaintiff's motion is granted, defendant's motion is denied, and this case is dismissed.

## I. BACKGROUND

On September 3, 1990, plaintiff's counsel sent a letter to the Federal Bureau of Investigation ("FBI") requesting all records pertaining to former FBI agent John F. Shaw, Sr. Pursuant to this request, plaintiff furnished defendant with a "Privacy Waiver," which states, "I [John F. Shaw,

Sr.] hereby authorize the United States Department of Justice to release to Mr. Anthony Summers and his attorney, Mr. James H. Lesar, any and all records pertaining to me." Complaint, Exhibit 1. The waiver further provides Shaw's present address, date of birth, place of birth, and social security number. Although the waiver is declared and signed under penalty of perjury, it is not notarized.

By letter dated September 27, 1990, the FBI acknowledged receipt of plaintiff's Freedom of Information Act ("FOIA") request but asked that plaintiff provide the FBI with the complete name, place of birth, and notary [1] for the subject of his request. On October 18, 1990, plaintiff's counsel acknowledged that the waiver was not notarized but indicated that, he believed, 28 U.S.C. § 1746 requires that properly executed unsworn affidavits be treated "with like force and effect" as sworn affidavits. 28 U.S.C. § 1746.

By letter dated November 8, 1990, the FBI again denied plaintiff's request and notified him of his right to appeal. Plaintiff, therefore, appealed the FBI's denial, and on December 7, 1990, the Office of Information and Privacy ("OIP") notified him that his appeal would be handled in turn. Four days later, Summers lodged a second appeal on the notarization issue. Because no decision was forthcoming and having exhausted his administrative remedies, Summers filed the instant suit.

## II. DISCUSSION

Summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

---

**1.** Although the September 27, 1990 letter from the Records Management Division of the FBI is mostly typewritten, the portion of the letter in-

dicating that Shaw's waiver must be notarized appears as a handwritten insertion.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513. At the same time, however, Rule 56 places a burden on the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Section 1746 of Title 28 of the United States Code provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated....

In order to secure DOJ records regarding an individual, the pertinent regulations require the individual to verify his or her identity in one of two ways. First, the individual may appear in person or furnish official photographic identification. Or, the applicant may "state in his request his full name, current address, and date and place of birth. In addition, a requester must provide with his request an example of his signature, which shall be notarized." 28 C.F.R. § 16.41(d).

Defendant argues that the terms of 28 U.S.C. § 1746 do not obviate the notarization requirement contained in defendant's regulations. Specifically, defendant contends that there is a distinction between swearing to the truthfulness of a statement under penalty of perjury and obtaining a third party verification of a signature, and that "[t]here is nothing in the above statutory language which precludes the Justice Department from requiring a notarized signature to verify the *identity* of a FOIA requester." Reply to Plaintiff's Opposition to Defendant's Cross–Motion for Summary Judgment ("Def. Reply"), at 2 (emphasis in original). The Court cannot agree.

Section 1746 does not admit of a distinction between verification of a document's content and verification of the identity of the signer of the document. Rather, the plain and unambiguous language of 28 U.S.C. § 1746 provides that "any matter may ... be supported ... by the unsworn declaration ... in writing of such person." Therefore, in the event an affiant or declarant so elects and the prescribed form is followed, a federal agency must give the unsworn declaration the same "force and effect" as a sworn declaration.

Moreover, it is clear from the structure of the statute that in instances in which Congress wished to exempt particular statements, it specifically provided that those statements were not covered by the provision. As illustration, 28 U.S.C. § 1746 does not apply to depositions or oaths of office. Thus, while the notarization required by the regulations may serve an independent means of verifying the identity of the person who signed the document and while a change in the FBI's current regulation may have a "far reaching effect on the privacy of records maintained by the FBI," [2] the Court cannot find, either in the statutory language or in the legislative history, any indication that FOIA requests are outside the ambit of 28 U.S.C. § 1746. If the agency, therefore, is dissatisfied with the level of protection afforded FOIA requests, DOJ will have to appeal to the legislature to modify the statute. *See Duncan v. Foti*, 828 F.2d 297 (5th Cir.1987)

---

**2.** Defendant's Cross–Motion for Summary Judgment ("Def. Motion"), at 6 n. 3.

(holding that unavailability of notary public in prison did not preclude inmate from filing FOIA request).

### III. CONCLUSION

Accordingly, for the reasons expressed above, it is hereby

ORDERED that plaintiff's motion for partial summary judgment is granted; it is

FURTHER ORDERED that defendant's cross-motion for summary judgment is denied; it is

FURTHER ORDERED that in the event a timely appeal is taken, the briefing of attorney's fees shall be suspended until thirty days after determination of the appeal, if then appropriate, and in the event a timely appeal is not taken, a motion for attorney's fees shall be filed no later than January 22, 1992, with opposition thereto filed no later than February 7, 1992, and reply, if any, filed no later than February 18, 1992; and it is

FURTHER ORDERED that this case is dismissed.

IT IS SO ORDERED.