**Reginald McFADDEN, Plaintiff,**

v.

**Joseph D. LEHMAN, et al., Defendants.**

**No. 4:CV–97–399.**

United States District Court,
M.D. Pennsylvania.

May 23, 1997.

Reginald McFadden, Fallsburg, NY, pro se.

None, for Defendants.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Reginald McFadden filed the above civil rights complaint pursuant to 42 U.S.C. § 1983. He is currently confined at the Sullivan Correctional Facility in Fallsburg, New York. He proceeds in forma pauperis and pro se in this matter.[1] Named as defendants are Joseph Lehman, Commission-

er of the Pennsylvania Department of Corrections; Martin Horn, Director of the Pennsylvania Board of Probation and Parole; and the following officials and employees at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI–Rockview): Joseph Mazurkiewicz, Superintendent; Terry Whitman, Deputy Superintendent of Programs; John McCullough, Deputy Superintendent for Central Services; and Steven Wheeler and Abdullah Nabiva, prison psychiatrists. For the reasons which follow, the complaint will be dismissed pursuant to Section 804(a)(5) of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996), codified at 28 U.S.C. § 1915(e)(2).

DISCUSSION

McFadden has submitted a rambling sixteen (16) page handwritten complaint. After reviewing this document, the crux of his claim can be summarized as follows. Plaintiff was apparently confined at SCI–Dallas serving a life sentence. After serving twenty-four (24) years on his sentence, he was paroled on July 7, 1994. He states that his sentence was commuted by former Governor of Pennsylvania Robert Casey. From what the court can gather in reviewing plaintiff's filing, he was paroled to the State of New York. Approximately three (3) months after being released on parole, McFadden was arrested for the crimes of murder, rape and robbery. He was later linked to a second murder. Ultimately, he was convicted with respect to all of these offenses.

The gist of the instant complaint is McFadden's claim that because the defendants failed to rehabilitate him while he was incarcerated, they violated his constitutional rights and are thus directly responsible for his actions when he was paroled. In particular, he states that the defendants were grossly negligent in their jobs by failing properly to rehabilitate him for the psychological wounds he suffered during the course of his twenty-four (24) year period of incarceration and through their indifference in paroling

---

1. The plaintiff completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden of the Sullivan Correctional Facility to commence deducting the full filing fee from plaintiff's prison trust fund account.

him without first providing him with pre-release rehabilitation. He contends that he was not prepared for his release back into society and was not provided with post-prison programs and treatment. It is his contention that defendants should have been aware of all the rage he suppressed while being imprisoned and having to witness the day-to-day events of prison life. He points to alleged psychological damage he sustained throughout the years and how any signs he displayed of mental illness were negligently disregarded by defendants when he was paroled. He claims that defendants' indifference was a violation of his civil rights and contributed to the deaths of the innocent people he killed while on parole.

He further contends that he was forced out of Pennsylvania when he was paroled and sent to New York State. He claims that the Pennsylvania officials never checked to see whether New York had a "support system" for him to utilize upon his parole. Plaintiff's claims can best be summarized by his statements that defendants had a responsibility to prepare him for "a new world of freedom" but that he was "thrown out to find his own way". (Doc. 1, p. 5). Plaintiff further disagrees with findings made by Drs. Wheeler and Nabavi, two psychiatrists at SCI–Rockview, with respect to his mental stability prior to being released on parole.[2] He seeks compensatory, punitive, declaratory and injunctive relief.[3]

The court finds that plaintiff's complaint can be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Under 28 U.S.C. § 1915(e)(2)(B)(i), a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).[4] Unquestionably meritless legal theories are those " 'in which either it is readily apparent that the plaintiff's complaint lacks either an arguable basis in law or that the defendants are clearly entitled to immunity from suit. . . .' " *Roman v. Jeffes,* 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow,* 894 F.2d 1277, 1278 (11th Cir.1990)). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

In order to assert an actionable civil rights claim, McFadden must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. E.g., *Monell v. Department of Social Serv. of the City of N.Y.,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); *Gay v. Petsock,* 917 F.2d 768, 771 (3d

---

**2.** Plaintiff also alleges that the New York State Parole Board violated his civil rights by failing to supervise him once he was released on parole. He goes on to state that this issue is the subject of a separate action currently pending in the United States District Court for the Southern District of New York. Clearly, this court does not have jurisdiction over this claim and therefore it will not be addressed.

**3.** Included in the complaint is also a request for the appointment of counsel.

**4.** *Neitzke* applied 28 U.S.C. § 1915(d) prior to the amendment of § 1915. Since 28 U.S.C. § 1915(e)(2)(B)(i) is the re-designation of former 28 U.S.C. § 1915(d) under the Prison Litigation Reform Act of 1995, cases addressing the meaning of frivolous under the prior section remain applicable. See Section 804 of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996).

Cir.1990); *Capone v. Marinelli*, 868 F.2d 102, 106 n. 7 (3d Cir.1989).

■ Applying the above legal principles to the instant claims, it is clear that the complaint should be dismissed as frivolous. Throughout his complaint, McFadden contends that defendants violated his constitutional rights by failing to provide him with rehabilitation. It is well-established that those individuals serving criminal sentences have no constitutional right to rehabilitation while in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir.1982); see also *Newman v. Alabama*, 559 F.2d 283, 287 (5th Cir.1977), rev'd on other grounds, *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Many courts have held that prisoners have no constitutional right to various rehabilitative programs including drug treatment, employment, or other rehabilitation, education or training programs while in prison. See *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995); *Abdul–Akbar v. Dept. of Corrections, et al.*, 910 F.Supp. 986, 1002 (D.Del.1995). As such, plaintiff's claim that his rights were violated in that he was denied rehabilitation is totally without merit and can be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

■ Plaintiff also appears to argue that he should have been afforded the opportunity to participate in some type of pre-release program prior to being released on parole in an effort to "ease" his re-entry into society. It is well-recognized that a prisoner has no right to participate in any rehabilitative pre-release program. With respect to this argument, plaintiff appears to allege that he has been denied equal protection of the law and due process. The equal protection claim is clearly meritless and unworthy of further discussion.[5] Turning to the due process allegation, it requires a little more analysis.

■ McFadden appears to claim a liberty interest in participating in a pre-release program prior to being released on parole. It is well-settled that the Constitution creates no liberty interest in parole, *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), and Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs. E.g., *Ramos v. Vaughn*, Civil No. 94–2596, 1995 WL 386573 at *6 (E.D.Pa.1995); *Henry v. Bello*, Civil No. 92–4341, 1994 WL 27320 at *2 (E.D.Pa. February 1, 1994); *McCrery v. Mark*, 823 F.Supp. 288, 294 (E.D.Pa.1993); *Wright v. Cuyler*, 517 F.Supp. 637, 641–42 (E.D.Pa. 1981); *King v. Board of Probation & Parole*, 111 Pa.Cmwlth. 392, 534 A.2d 150, 152–53 (1987). Further, it is apparent to this court that the failure to enroll plaintiff in some type of pre-release program prior to release on parole is not the type of significant and atypical hardship contemplated by the Supreme Court in its decision in *Sandin v. Conner*, 515 U.S. 472, 485–86, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Therefore, because plaintiff's claims do not state constitutional violations redressable in a Section 1983 action, the complaint lacks an arguable legal basis upon which the desired relief may be granted and the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[6]

---

5. The Court of Appeals for the Third Circuit has routinely recognized that a plaintiff in order to establish a viable equal protection violation must show an intentional or purposeful discrimination. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir.1985), cert. denied, 475 U.S. 1096, 106 S.Ct. 1494, 89 L.Ed.2d 895 (1986). Plaintiff has failed to allege that the defendants engaged in any type of purposeful or intentional discrimination in the instant action.

6. To the extent plaintiff attempts to state a claim under the Eighth Amendment for inadequate medical treatment, the court also finds his claim subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In construing the complaint liberally, plaintiff appears to suggest that defendants were "grossly negligent" with respect to the care he received while at SCI–Rockview, and in particular, that Defendants Wheeler and Nabavi issued medical reports where plaintiff disagreed with the findings.

Clearly, no Eighth Amendment claim is stated in that it is well-established that a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106,

AND NOW, THEREFORE, THIS 23rd DAY OF MAY, 1997, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff's motion for appointment of counsel (Document 2 of the record) is denied as moot.

3. The Clerk of Court is directed to close this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Furthermore, mere disagreement with a course of treatment selected or recommended fails to state a cause of action for inadequate medical treatment under the Eighth Amendment. *Estelle*, 429 U.S. at 105–06, 97 S.Ct. at 292.