

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Flanyak v. Ross

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2868

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Flanyak v. Ross" (2005). *2005 Decisions*. Paper 412.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/412

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-351                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2868
_____

PERRY E. FLANYAK,
Appellant

v.

THOMAS ROSS, Electronics
Instructor

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00285)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 1, 2005

Before:   ROTH, BARRY AND SMITH, <u>Circuit Judges</u>.

(Filed: October 13, 2005)

_____

OPINION
_____

PER CURIAM

        Perry E. Flanyak appeals the order of the United States District Court for the

Western District of Pennsylvania dismissing his Complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, we will dismiss this appeal as legally frivolous.

Flanyak, currently incarcerated in the State Correctional Institution at Mahanoy, filed this civil rights lawsuit against Thomas Ross, his electronics instructor at the State Correctional Institution at Waynesburg, where he was previously incarcerated. According to Flanyak, during the time of his enrollment in this class, he suffered from a medical condition called Chronic Obstructive Pulmonary Disease, which caused phlegm to accumulate in his throat and required him to clear his throat frequently. During one such instance while attending electronics class, Ross allegedly said: "Mr. Flanyak, go to the restroom and clean out your nasal passages." Flanyak then informed Ross of his condition, explaining that sometimes he did not realize he was clearing his throat, to which Ross replied: "I don't care, just go to the restroom and clean out your nasal passages." When Flanyak told Ross he didn't realize that he was bothering him, Ross said Flanyak was bothering the entire class. Flanyak replied that if he were to go to the restroom every time he had to clear his throat, he would miss most of the class. The next day Flanyak stopped attending the electronics class. Flanyak maintains that Ross's comments embarrassed him in front of the entire class and thereby infringed on his Eighth Amendment right to be free of cruel and unusual punishment.

The Magistrate Judge recommended that Flanyak's Complaint be dismissed for

2

failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Flanyak filed objections to the Report & Recommendation in which he maintained that Ross's behavior not only constituted cruel and unusual punishment but also deprived him of the right to an education. The District Court adopted the Report & Recommendation as the opinion of the Court and dismissed Flanyak's Complaint. Flanyak timely filed a notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Flanyak has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we must first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed as frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). The District Court concluded that Flanyak's Complaint failed to state a claim on which relief may be granted. For such a dismissal, it must be clear as a matter of law that "'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 327, 109 S. Ct. at 1832 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). In reaching this determination, the District Court must accept as true all of the factual allegations set forth in the complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

This Court has interpreted the Eighth Amendment as "prohibit[ing] any

punishment which violates civilized standards and concepts of humanity and decency."

Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321-71, *as recognized in* Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).  As the Magistrate Judge noted, a prisoner alleging a violation of the Eighth Amendment must demonstrate both (i) an objectively serious deprivation and (ii) that a prison official acted with deliberate indifference in effecting the deprivation.  See Wilson v. Seiter, 501 U.S. 294, 298-99, 111 S. Ct. 2321, 2324-25, 115 L. Ed. 2d 271 (1991); Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  "It is clear that a prisoner's claim under the Eighth Amendment must establish more egregious conduct than that adequate to support a tort at common law."

Williams v. Mussomelli, 722 F.2d 1130, 1134 (3d Cir. 1983).  The conduct complained of by Flanyak undoubtedly does not rise to this level.[1]  As for Flanyak's claim that he was deprived of an education as a result of Ross's actions, prisoners do not have a constitutionally protected right to an education.  Women Prisoners of Dist. of Columbia Dep't of Corr. v. District of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996); McFadden v.

---

[1]    We note that Flanyak did file a grievance with the prison, which was affirmed by the Grievance Coordinator, who concluded that Ross's conduct was unprofessional. According to Flanyak, despite this finding, he saw no disciplinary action taken against Ross, and therefore filed this lawsuit seeking compensatory and punitive damages "so that [Ross] might think twice before he submits another inmate to his cruel and unusual unprofessional behavior."  While Ross's conduct may have been an appropriate subject of the internal grievance procedure, not every properly-grieved complaint will form the basis for a Section 1983 lawsuit.

Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997).  The District Court therefore correctly dismissed Flanyak's Complaint for failure to state a claim.

Accordingly, we will dismiss this appeal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).