# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew – Pro'Se,                          :
                          Petitioner          :
                                                  :

          v.                                          : No. 310 M.D. 2024
                                                : Submitted: July 7, 2025

Mr. Seilus - Commonwealth Employee    :
Pennsylvania Department of            :
Corrections, Ms. Katie Donnelly -     :
Commonwealth Employee Pennsylvania :
Department of Corrections, K. Long -  :
Commonwealth Employee Pennsylvania :
Department of Corrections, Mr. Sam    :
Condo - Commonwealth Employee        :
Pennsylvania Department of            :
Corrections, Ms. Shan - Commonwealth :
Employee Pennsylvania Department of   :
Corrections, Lieutenant Aguiar -      :
Commonwealth Employee Pennsylvania :
Department of Corrections, George     :
Little/Dr. Laurel Harry - Commonwealth:
Employees Pennsylvania Department of :
Corrections, and Ms. Jane Doe I.T.    :
Computer Technician - Commonwealth   :
Employee Pennsylvania Department of   :
Corrections, sued in their Individual and :
Official Capacities for Monetary       :
Damages Rewards,                       :
                                Respondents   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE STACY WALLACE, Judge
                   HONORABLE MARY HANNAH LEAVITT, Senior Judge

MEMORANDUM OPINION
BY JUDGE WALLACE                                   FILED:  September 10, 2025


Alfonso Percy Pew (Pew), *pro se*, has filed a petition for review in this Court's original jurisdiction (Petition) against employees of the Pennsylvania Department of Corrections (Department).  The Department filed preliminary objections contending Pew has improperly joined unrelated claims against multiple respondents and failed to state a claim for which relief may be granted.  After careful review, we sustain the Department's preliminary objections and dismiss the Petition with prejudice.

## BACKGROUND

Pew filed his Petition on June 13, 2024, titled, "42 U.S.C. § 1983 Civil Rights Complaint Filed in State Commonwealth Court Under Concurrent Jurisdiction."  In his Petition, Pew raises various claims, which we detail below by paragraph number, contending the Department's employees violated state law, violated his property and due process rights, denied him access to the courts, and engaged in "taxation without representation."  *See* Pet., 6/13/24, ¶ 12.  Pew maintains the Department's employees retaliated against him for prior grievances and litigation against the Department.[1]

The Department filed its preliminary objections on August 1, 2024, asserting Pew violated Pennsylvania Rule of Civil Procedure 2229(b), Pa.R.Civ.P. 2229(b),

---

[1] Pew requests declaratory relief, injunctive relief, monetary damages, and reimbursement of his litigation costs and expenses.  Pet., 6/13/24, ¶ 14-18.  "[T]his Court lacks original jurisdiction over tort actions for money damages that are premised on . . . a civil action for deprivation of civil rights under 42 U.S.C. § 1983."  *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004).  Nevertheless, the Court concluded in a prior case involving Pew that it had jurisdiction over a claim for monetary damages "because it [was] ancillary to [Pew's] requests for injunctive and declaratory relief."  *Pew v. Wetzel* (Pa. Cmwlth., 581 M.D. 2018, filed Nov. 21, 2019), slip op. at 3 n.6.  This Court may cite its unreported memorandum opinions filed after January 15, 2008, for their persuasive value.  *City of Phila. v. 1531 Napa, LLC*, 333 A.3d 39, 47 n.6 (Pa. Cmwlth. 2025).

by joining unrelated claims against multiple respondents.[2]  The Department contends that Pew has a history of frivolous litigation, and that allowing this matter to proceed would provide Pew a "volume discount" by enabling him to avoid paying additional filing fees.  Prelim. Objs., 8/1/24, ¶¶ 15-16.  Moreover, the Department argues Pew has failed to state a claim for which relief may be granted.

## DISCUSSION

In reviewing the Department's preliminary objections, we will "accept as true all well-pleaded material allegations in the [Petition] and any reasonable inferences that we may draw from the averments." *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018).  However, we need not accept any legal conclusions, unwarranted inferences, argumentative allegations, or opinions. *Id.*  The Court cannot sustain the preliminary objections unless it "appear[s] with certainty that the law will not permit recovery," and we will resolve any doubts in favor of Pew.  *See Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

We focus our analysis on the Department's contention that Pew failed to state a claim for which relief may be granted.  Pew styled his Petition as a complaint under Title 42, Section 1983 of the United States Code, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

---

[2] Rule 2229(b) provides:

> A plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action.

Pa.R.Civ.P. 2229(b).

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under this section, Pew "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Hill v. Pa. Dep't of Corr.*, 271 A.3d 569, 573 (Pa. Cmwlth. 2022) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis omitted).

Regarding Pew's assertion that the Department's employees retaliated against him:

> [A]n inmate must satisfy four requirements in order to set forth a valid prison retaliation claim. Specifically, they must show by a preponderance of the evidence that "[(1) they] engaged in constitutionally protected conduct[; (2)] prison officials took adverse action[; (3)] the protected conduct was a substantial or motivating factor for the action . . . [; and (4)] the retaliatory action [did] not advance legitimate penological goals."

*Nunez v. Blough*, 283 A.3d 413, 422 (Pa. Cmwlth. 2022) (quoting *Yount v. Dep't of Corr.*, 966 A.2d 1115, 1120-21 (Pa. 2009)).

**Paragraph 1 – Lost filing fee check**

Pew alleges in Paragraph 1 that Department employees Seilus, Donnelly, and Long interfered with a prior meritorious action he filed in this Court by "caus[ing] a $70.25 Filing Fee Check . . . to disappear making [Pew] miss [the] deadline which resulted in the dismissal of the lawsuit." Pet., 6/13/24, ¶ 1. Pew refers to his action at docket number 599 M.D. 2022. *Id.* Pew contends he exhausted his administrative remedies and attaches the grievance response he received from the Department. *Id.*, Ex. A. The response states that Pew's filing fee check was mailed but never cashed,

4

and that the funds were returned to Pew's account. *Id.* Moreover, the response states "it is not known why [this C]ourt did not receive the check."[3] *Id.*

To support a claim for violation of his right to access to the courts, Pew must "allege and offer proof that he suffered an 'actual injury' to court access," which the United States Supreme Court defines "as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement." *Page v. Rogers*, 324 A.3d 661, 681 (Pa. Cmwlth. 2024) (quoting *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000)) (emphasis omitted). However, Pew does not offer any evidence supporting his allegation that Seilus, Donnelly, and Long interfered with his action at 599 M.D. 2022. In fact, Pew appears to concede *there is no evidence* to support his allegation, proposing in his answer to the preliminary objections that a reasonable fact-finder could "infer" from the Department's grievance response "that foul play occurred because [Pew] supplied . . . all the appropriate paperwork" and this Court did not receive his filing fee check. Answer, 9/23/24, at 2. Because Pew's allegation depends entirely on speculation, we conclude he has failed to state a claim for which relief can be granted, and that amendment would be futile. Thus, we dismiss Pew's claim regarding his lost filing fee check with prejudice.[4]

**Paragraph 2 – Escrow accounts**

Pew alleges in Paragraph 2 that the Department is violating his property rights because it no longer allows him or other inmates "to place their funds on their inmate

---

[3] Our review of the docket at 599 M.D. 2022 reveals the Court dismissed Pew's case for failure to pay the filing fee on June 14, 2023, but then reinstated the case and gave Pew another opportunity to pay the fee. Pew again failed to pay the fee, and we dismissed his case a second time on August 15, 2023.

[4] *See Shore v. Dep't of Corr.*, 168 A.3d 374, 386-87 (Pa. Cmwlth. 2017) (dismissing with prejudice where "amendment to the [p]etition would be a futile exercise and that it is not reasonably probable that [petitioner] could cure the legal deficiencies discussed in this opinion").

trust accounts into 'ESCROW ACCOUNTS' which in the past has helped inmates manage funds, teach financial literacy, and prepare for re-entry into society." Pet., 6/13/24, ¶ 2. Pew accuses the Department of being "lazy" and alleges Department employee Condo falsely claimed that the Department's policies permit it to prevent inmates from placing their funds into escrow accounts. *Id.* Pew attaches a letter and grievance responses to show he exhausted his administrative remedies. *See id.*, Exs. B-D.

The Department's Inmate Handbook states inmate funds may be escrowed for the purpose of purchasing a bus ticket upon release from incarceration or for making payments to the Crime Victims Compensation Fund. Inmate Handbook at 2, 27.[5] In addition, the Department's Policy 3.1.1 states inmate funds may be escrowed to pay for certain release expenses, including transportation and any unpaid Crime Victims Compensation Fund charges needed for parole. Policy 3.1.1 at 25. A review of the Department's policies does not support Pew's contention that inmates are entitled to escrow funds for the sake of learning financial literacy. Further, although it is true inmates have a protected property right regarding the funds in their inmate accounts, *Buck v. Beard*, 879 A.2d 157, 160 (Pa. 2005), we see no way that failing to provide escrow accounts burdens this right. The Inmate Handbook provides for inmates to receive non-interest-bearing accounts to hold their funds and allows inmates to open savings accounts at "a bank in the community" if they would prefer to earn interest. Inmate Handbook at 1. We conclude that Pew has failed to state a claim for which relief can be granted, and that amendment would be futile. Accordingly, we dismiss Pew's claim regarding escrow accounts with prejudice.

---

[5] The Department's policy documents, including the Inmate Handbook, are available on its website at https://www.pa.gov/agencies/cor/about-us/doc-policies (last visited Sept. 9, 2025).

**Paragraphs 3 – Refusal to notarize affidavit**

Pew alleges in Paragraph 3 that Department employee Shan violated state law by refusing to notarize the witness affidavit of another inmate, Otto Travers, which Pew needed for the federal lawsuit he was pursuing. Pet., 6/13/24, ¶ 3. Further, Pew contends Shan lied about her refusal to notarize the affidavit during an investigation. *Id.* In support of this claim, Pew cites to the Department's regulations requiring that "[r]easonable access to notary services" be provided to inmates. 37 Pa. Code § 93.8. Pew attaches grievance responses to show he exhausted his administrative remedies. *See* Pet., 6/13/24, Exs. E-G. The responses indicate it was "unlikely that notarization of the affidavit was refused" based on "current library practices." *Id.*

Our federal courts have recognized that violations of state law cannot support a claim under Section 1983. *See Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990). Moreover, Pew does not establish how Shan's refusal to notarize his affidavit impaired his ability to pursue a federal lawsuit. "While a prison must normally make notary services available to its inmates, it does not necessarily follow that the failure to provide such services constitutes a denial of access to the courts" because litigants may submit unsworn declarations. *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982) (citation omitted). In *Duncan v. Foti*, 828 F.2d 297, 298 (5th Cir. 1987), the United States Court of Appeals for the Fifth Circuit reasoned that the plaintiff failed to state a claim for relief under Section 1983 based on the absence of notary services because unsworn declarations were available as an alternative. We again conclude that Pew failed to state a claim for which relief may be granted, and that amendment would be futile. Thus, we dismiss Pew's claim as to notary services with prejudice.

7

**Paragraph 4 – Refusal to allow typewriter purchase**

Pew alleges in Paragraph 4 that Department employee Aguiar "punishes" him for using the grievance system "by marking legitimate grievances filed as frivolous" in an attempt to have him "placed on grievance restriction." Pet., 6/13/24, ¶ 4. Pew alleges Aguiar violated state law by denying Pew and his family the right to purchase a "different [t]ypewriter brand at [a] cheaper price" from an outside vendor and then marked his grievance regarding the issue as frivolous. *Id.* Pew attaches a grievance response to demonstrate he exhausted his administrative remedies. *See* Pet., 6/13/24, Ex. H. The response states the correctional institution "is following policy regarding outside purchases" and informs Pew "[t]here is a process in place for [him] to request to have additional items added to the commissary list." *Id.*

Pew relies on the following Department regulation:

(a) Family and friends, who are on the inmate's approved visiting list, may purchase approved items for inmates under this section. The facility may disapprove and decline to accept any purchase which does not meet this section.

(b) Only those items listed on the current Approved Master Commissary List may be purchased from approved vendors. Copies of the list are provided to the inmates. Publications may be purchased by means of this procedure, but shall be subject to § 93.2 (relating to inmate correspondence).

(c) Purchases shall be approved prior to the time the item is received by the facility.

(d) Only those items shipped directly from the vendor to the facility will be accepted.

(e) Unauthorized or disapproved items will be returned to the sender at the expense of the inmate.

37 Pa. Code § 93.4.

We reiterate that violations of state law cannot support a claim under Section 1983. *See Brown*, 922 F.2d at 1113. At any rate, the conduct that Pew alleges does not suggest a violation of 37 Pa. Code § 93.4. This section permits family and friends to purchase "[o]nly those items listed on the current Approved Master Commissary List . . . from approved vendors." 37 Pa. Code § 93.4(b). It does not provide family and friends with the right to purchase anything they want. Further, Pew's grievance response indicates "[t]here is a process" for Pew to add a particular typewriter to the commissary list, and Pew does not allege he attempted to follow that process. Pet., 6/13/24, Ex. H. This supports the Department's determination that Pew's grievance was frivolous. We conclude that Pew failed to state a claim for which relief may be granted, and that amendment would be futile. Accordingly, we dismiss Pew's claim regarding the typewriter purchase with prejudice.

**Paragraphs 5 through 7 – Inmates to Entrepreneurs**

Pew alleges in Paragraphs 5-7 that former Secretary of the Department Little and current Secretary of the Department Dr. Harry prevent access to the "Inmates to Entrepreneurs" program on inmate-owned "GTL Tablet[s]." Pet., 6/13/24, ¶ 7. Pew asserts the federal government provides the Department with grant money so that it will offer the program "in an attempt to stop prison recidivism." *Id.* Pew asserts he exhausted his administrative remedies and attaches a grievance response, along with what appears to be a filed grievance regarding the Inmates to Entrepreneurs program, although the writing on the document is generally illegible. *See id.*, Exs. I, L. Pew attaches a document from the Inmates to Entrepreneurs program that provides book recommendations and a letter allegedly from the Inmates to Entrepreneurs program, explaining correctional institutions are responsible for downloading the program on tablets. *Id.*, Exs. J-K.

9

We are aware of no legal theory that could support Pew's claim regarding the Inmates to Entrepreneurs program. Our federal courts have recognized inmates have no constitutional right to an education. *See Flanyak v. Ross*, 153 F. App'x 810, 812 (3d Cir. 2005). It follows inmates have no right to the specific educational program of their choosing. *See also, e.g., Spada v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 454 C.D. 2021, filed Jan. 20, 2022) (concluding the Department could deny an inmate's request to take a paralegal correspondence course because of his recent disciplinary history). To the extent Pew argues federal law or the Department's receipt of federal funding obligates it to provide the Inmates to Entrepreneurs program, he presents no authority to confirm that assertion, and we have found none. We conclude that Pew failed to state a claim for which relief may be granted, and that amendment would be futile. Therefore, we dismiss Pew's claim regarding the Inmates to Entrepreneurs program with prejudice.

**Paragraphs 8 through 10 – Vendor cards**

Pew alleges in Paragraphs 8-10 that Department employees Shan and "Jane Doe I.T. a Computer Technician" are engaged in a conspiracy to steal money from inmates. Pet., 6/13/24, ¶ 8-10. Pew alleges an inmate who buys a $10 vendor card to make photocopies "can get only $9.90 out" because "the machine keeps [$.0.10] from each inmate vendor card each time the inmates buy them." *Id.*, ¶ 9. According to Pew, Shan and Jane Doe then gather the $0.10 from each inmate and place it in a "slush fund." *Id.*, ¶ 9. Pew maintains he exhausted his administrative remedies and attaches grievance responses and an index card Shan allegedly signed to confirm she would reimburse Pew. *Id.*, Exs. M-O.

The Department's grievance responses concede "that there is an issue with the copier not using the last $0.10" on inmates' vendor cards and advise Pew to "follow

the direction provided to you in order to" be reimbursed. Pet., 6/13/24, Ex. M. This "direction" was apparently to provide any vendor cards with a $0.10 balance to Shan. *See id.*, Ex. N. Pew maintains Shan failed to reimburse him, but it is unclear whether and to what extent he provided vendor cards to her as directed. In addition, we must emphasize this claim involves only $0.10 on an unspecified number of vendor cards. This Court has expressed its unwillingness to expend resources on cases, such as this one, that involve a "trifling" amount in controversy. *See Harris v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 1199 C.D. 2021, filed Feb. 17, 2023), slip op. at 12. We conclude once again that Pew failed to state a claim for which relief may be granted, and that amendment would be futile. As a result, we dismiss Pew's claim regarding vendor cards with prejudice.

### CONCLUSION

The Court agrees with the Department that Pew has failed to state a claim for which relief may be granted, and that amendment of the Petition would be futile. In light of this conclusion, we need not address the Department's additional preliminary objection that Pew improperly joined unrelated claims. We sustain the Department's preliminary objections and dismiss the Petition with prejudice.

_____
STACY WALLACE, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew – Pro'Se, :
                          Petitioner :
                                      :
           v. : No. 310 M.D. 2024
                                        :
Mr. Seilus - Commonwealth Employee :
Pennsylvania Department of :
Corrections, Ms. Katie Donnelly - :
Commonwealth Employee Pennsylvania :
Department of Corrections, K. Long - :
Commonwealth Employee Pennsylvania :
Department of Corrections, Mr. Sam :
Condo - Commonwealth Employee :
Pennsylvania Department of :
Corrections, Ms. Shan - Commonwealth :
Employee Pennsylvania Department of :
Corrections, Lieutenant Aguiar - :
Commonwealth Employee Pennsylvania :
Department of Corrections, George :
Little/Dr. Laurel Harry - Commonwealth:
Employees Pennsylvania Department of :
Corrections, and Ms. Jane Doe I.T. :
Computer Technician - Commonwealth :
Employee Pennsylvania Department of :
Corrections, sued in their Individual and :
Official Capacities for Monetary :
Damages Rewards, :
                        Respondents :

# **O R D E R**

    **AND NOW**, this 10th day of September 2025, the Pennsylvania Department of Corrections' preliminary objections are **SUSTAINED**, and Alfonso Percy Pew's

"42 U.S.C. § 1983 Civil Rights Complaint Filed in State Commonwealth Court Under Concurrent Jurisdiction" is **DISMISSED** with prejudice.


_____
STACY WALLACE, Judge