539 A.2d 511

Marvin Merritt, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 22, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Patrick J. Flannery,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 29, 1988:

Marvin Merritt appeals the Pennsylvania Board of Probation and Parole's (Board) denial of administrative

relief from its order recomputing his backtime. We affirm.

Merritt was sentenced to an indeterminate to six-year term beginning September 15, 1972. He was subsequently sentenced on different charges to a one to three-year term beginning April 29, 1974, and an eleven and one-half to twenty-four months term beginning June 20, 1974. The Bureau of Correction's "Initial Sentence Status Report" indicated that all three sentences were concurrent. The Board "consecutively" paroled[1] Merritt from the first sentence on June 20, 1974, and immediately re-entered him to continue serving the minimum terms for the remaining sentences. The Board paroled Merritt from those sentences on June 5, 1975.

Merritt was subsequently recommitted as a convicted parole violator based upon a new criminal conviction. Merritt contends that, in computing his backtime, the Board erroneously denied him credit for the period of June 20, 1974, through June 5, 1975, which represents the time spent on constructive parole from his first sentence.[2] We disagree.

-----

[1] Constructive parole occurs where the prisoner is administratively paroled from one sentence and immediately re-entered for the purpose of serving another. *Weyand v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 32, 503 A.2d 80 (1986). In the past, the constructive parole concept has been applied in the context of *consecutive* sentences. Thus, a prisoner constructively paroled from the initial sentence is re-entered so that he may begin serving the minimum term of the second consecutive sentence.

[2] Our scope of review is limited to a determination of whether the Board's findings are supported by substantial evidence, whether an error of law was committed, and whether any of the parolee's constitutional rights were violated. *Kirkland v. Pennsylvania Board of Probation and Parole,* 107 Pa. Commonwealth Ct. 566, 528 A.2d 711 (1987).

Section 21.1(a) of the parole statute[3] provides that convicted parole violators "shall be given no credit for the time at liberty on parole." One who is on constructive parole is "at liberty" from confinement *on that particular sentence* and, therefore, *is* not entitled to credit against that sentence for such time. *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980). We hold that the Board properly denied Merritt credit against his first sentence for the period in which he was constructively paroled from that sentence.

Although Merritt does not attempt to distinguish the case law, we are aware that *Hines* and its progeny approved the denial of credit for constructive parole time in *consecutive* sentence situations. *See Hines; Debnam v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 572, 455 A.2d 297 (1983); *Weyand v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 32, 503 A.2d 80 (1986). The fact that Merritt's sentences were *concurrent* does not alter our conclusion. We believe that the Board may, based upon its broad discretionary power to parole under Section 21, 61 P.S. §331.21, grant constructive parole for the period in which the parolee is serving the minimum term of another *concurrent* sentence. *See generally Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 333, 514 A.2d 967 (1986), and *Barnhouse v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 512, 492 A.2d 1182 (1985) (Board has administrative discretion with respect to decisions to grant or deny parole).

---

[3] Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a).

We therefore affirm the Board.[4]

ORDER

The decision of the Pennsylvania Board of Probation and Parole dated June 11, 1987, is affirmed.

---

[4] Merritt also contends that the period of incarceration be- tween the conviction and sentencing on the new criminal charges should have been credited against his backtime rather than his new criminal life sentence. We disagree. Pre-sentence confinement time is properly allocated to the new sentence where, as here, the parolee failed to post bail with respect to the new criminal charges. *Laguines v. Pennsylvania Board of Probation and Parole,* 105 Pa. Commonwealth Ct. 300, 524 A.2d 541 (1987).