574 A.2d 597

**Marvin MERRITT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 12, 1989.

Decided May 11, 1990.

Patrick J. Flannery, Wilkes Barre, for appellant.

John Packel, Chief, Appeals Div., Leonard N. Sosnov, Asst. Defender, Philadelphia, For Amicus—Defender Ass'n of Philadelphia.

Timothy P. Wile, Asst. Chief Counsel, and Robert A. Greevy, Chief Counsel, Harrisburg, for Pa. Bd. of Probation and Parole.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

We have before us an appeal by Marvin Merritt from an order of the Commonwealth Court of Pennsylvania at No. 1784 C.D.1987, issued March 29, 1988, 115 Pa.Cmwlth. 34, 539 A.2d 511, affirming the administrative order of the Pennsylvania Board of Probation and Parole ("Board") No. 0699–J, dated June 11, 1987, denying administrative relief from its order recomputing his backtime. We affirm the decision of the Commonwealth Court, and we write to emphasize the axiomatic principle that:

> The sum total of aggregate backtime imposed by the Board plus the time served prior to parole *cannot* exceed the total aggregate maximum sentence first imposed by the trial court.

This principle is inviolate whether the sentences first imposed are consecutive as in *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980), concurrent as in the case *sub judice*, or a combination of both concurrent and consecutive.

Merritt was sentenced to an indeterminate to six year term commencing September 15, 1972 for aggravated robbery and burglary (# 975), a one to three year concurrent term beginning April 29, 1974 for burglary (# 223), and an

eleven and one-half to twenty-four month concurrent term beginning June 20, 1974 for burglary, larceny and receiving stolen goods (# 286). On June 20, 1974, Merritt was constructively paroled[1] from the indeterminate to six year term, and he continued to serve the remaining two sentences until he was released on parole on June 5, 1975. Merritt was to be on parole until September 15, 1978.

On November 30, 1976 Merritt was arrested for murder and related charges. On November 15, 1977 he pled guilty to second degree murder and sentencing was deferred. After conviction, but prior to sentencing for second degree murder, the Board recommitted Merritt as a convicted and technical violator for an indeterminate backtime term to be reviewed after serving three years. On January 21, 1982, Merritt was sentenced to a life term for his murder conviction.

On February 18, 1982 the Board reaffirmed its prior recommitment action and determined that: (1) Merritt would be given a credit of five years, one month and nine days towards the life sentence for his time served during the period from his arrest on November 30, 1976 until his sentencing on January 21, 1982; (2) that backtime of four years, two months and 18 days owed on the three prior sentences had begun on the date of sentencing and would run until January 21, 1985; and (3) that he would begin serving his life sentence on January 21, 1985.

Merritt contends that the Board's determination of backtime should not have included the time he spent in prison on constructive parole from his indeterminate to six year sentence while continuing to serve his other two sentences during the period from June 20, 1974, to June 5, 1975. We disagree.

■ In reliance upon this Court's decision in *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa.

---

1. "A prisoner on constructive parole is not released from prison; although paroled on his original sentence, he immediately begins serving his new sentence." *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381, 383 (1980).

142, 420 A.2d 381 (1980), the Commonwealth Court properly affirmed the Board's determination that Merritt was not entitled to a credit for time served while on constructive parole. Section 331.21a(a) of the parole statute [2] provides that convicted parole violators shall be given no credit for the time at liberty on parole. In *Hines*, this Court held that one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for time spent on constructive parole. Therefore, Merritt is not entitled to a credit for time served while on constructive parole.

Here the initial and controlling sentence was for indeterminate to six years, the second concurrent sentence was for one to three years, and the third concurrent sentence was for eleven and one-half to twenty-four months. When recommitted, Merritt was sentenced to backtime of four years, two months and 18 days. The sum of Merritt's total aggregate backtime imposed by the Board of four years, two months and 18 days, plus his time served prior to parole of one year, nine months and five days, totals five years, eleven months and 23 days, and thus does not exceed the total aggregate maximum of the six years first imposed by the trial court.

While we are cognizant of the fact that some may argue that the second and third sentences imposed in 1974 are in effect rendered a nullity, it is clear that the trial court did not intend to increase the original maximum term, since those sentences expired well before the expiration of the indeterminate to six year sentence, and thus the trial court itself rendered the sentences a nullity.

The Commonwealth Court's application of § 331.21a is correct. Affirmed.

---

**2.** Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a).