# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Horace Harriott, Jr, : 
        Petitioner : 
         : 
        v. : 
         : 
Pennsylvania Board of Probation and : 
Parole, :   No. 48 C.D. 2015
        Respondent :   Submitted: August 7, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI         FILED: September 10, 2015


Pending before this Court is the application to withdraw appearance (withdrawal application) filed by David Crowley, Esq. (Counsel) and petition for review he filed on behalf of Horace Harriott, Jr. (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) recommitting Petitioner as a convicted parole violator (CPV) and recalculating his parole violation maximum sentence date. Counsel seeks permission to withdraw from representing Petitioner on the basis that his appeal is without merit. For the reasons that follow, we affirm the Board's order and grant Counsel leave to withdraw.

In 1997, Petitioner was sentenced to serve eight to sixteen years with regard to two charges for manufacturing, selling, delivering and/or possessing with intent to distribute drugs, with a minimum release date of December 2, 2004, and a maximum date of December 2, 2012. Following prior paroles, parole revocations and re-paroles, Petitioner was paroled on March 6, 2006, and was arrested on June 15, 2006, by the York City Police Department causing the Board to order him detained pending disposition of his criminal charges. By decision dated April 17, 2007, the Board ordered Petitioner recommitted as a CPV to serve 18 months of back time with regard to his original sentence and 18 months for his new offenses. He was paroled from his original sentence (bearing offense tracking number (OTN) DF9780) to his detainer sentence (OTN HS5330) on August 29, 2008, and he was paroled from his detainer sentence on November 24, 2009,[1] until March 19, 2010, when he was declared delinquent for technical parole violations. His whereabouts were unknown until his arrest on May 26, 2010, when he was detained pending his violation status. On September 20, 2010, the Board recommitted Petitioner as a technical parole violator to serve nine months of back time. He was again re-paroled on February 28, 2011, when his maximum sentence date was recalculated as December 20, 2013.

Subsequently, Petitioner was arrested on July 24, 2011, by the Pennsylvania State Police for simple assault and harassment and the Board ordered

---

[1] Although Counsel indicates that this re-parole occurred on August 24, 2009, the Board did not decide to release him until decision dated October 22, 2009, and his actual date of release, as certified by the Board's Secretary, is listed as November 24, 2009. (Certified Record [C.R.] at 23a–24a.) Further, his date of parole is listed on the Pennsylvania Department of Corrections' (DOC) "Moves Report" as November 24, 2009. (*Id.* at 58a.)

him detained pending disposition of the new criminal charges, which were ultimately dismissed on September 21, 2011. As per the Board's report of Petitioner's supervision history, Petitioner was placed in the Keystone Community Corrections Center from September 21, 2011, "until he was working and had an approved residence. On 10/12/2011[,] [Petitioner] was successfully discharged from Keystone CCC…. [but] [o]n 11/08/2011 [he] was placed back into the Keystone CCC for 30 day[s]…." (C.R. at 41a.)

On August 29, 2012, Petitioner was arrested by the Scranton Police Department for the offenses of manufacture, delivery or possession with intent to manufacture or deliver heroin and promoting prostitution, and the Board ordered him detained pending disposition of these criminal charges. The Board also recommitted him as a technical parole violator to serve nine months of back time after resolution of his criminal charges for leaving the district without permission, changing his residence without permission, and failing to abide by written instructions. The Board advised that his parole violation maximum date with delinquency time was August 8, 2014, subject to change if convicted on his outstanding criminal charges.

Pursuant to a November 4, 2013 guilty plea, the Court of Common Pleas of Lackawanna County found Petitioner guilty and sentenced him to a term of imprisonment ranging between 3.5 to 7 years. Petitioner executed a waiver of revocation hearing and counsel/admission form in which he admitted that he was convicted of new criminal charges that violated the terms of his parole. Consequently, the Board recommitted Petitioner to a period of 48 months as a CPV.

By decision dated August 29, 2014, it also recalculated his parole violation maximum date as January 9, 2018.[2]

Petitioner filed a timely administrative appeal, claiming that the Board imposed an excessive recommitment term, lacked authority to recalculate Petitioner's maximum sentence date, and improperly recalculated the maximum sentence date to January 9, 2018, by failing to credit Petitioner for "all of the time to which he was entitled." (C.R. at 87a.)

By order mailed January 5, 2015, the Secretary of the Board issued a decision explaining that the Board's order imposing a recommitment of 48 months for the offenses to which Petitioner pled guilty was not excessive because it fell within the presumptive recommitment ranges for the offenses of 24 to 36 months and six to twelve months, respectively, under 37 Pa. Code §75.2, and, therefore, was not subject to challenge. Further, the Board reasoned that it had discretion to continue Petitioner on parole or recommit him as a CPV for the offenses in question under 61 Pa. C.S. §6138(a)(1) and was authorized to recalculate his maximum date without giving him credit for the period he was at liberty on parole as per 61 Pa. C.S. §6138(a)(2). Finally, with regard to the recalculated maximum sentence date, the Board reasoned:

> When the Board paroled your client from a state correctional institution on February 28, 2011, his max date was December 20, 2013. This means he had 1026 days

---

[2] The order to recommit makes clear that Petitioner forfeited his prior time at liberty on parole from August 29, 2009, through March 19, 2010, or a total of 567 days. (C.R. at 77a.)

remaining on his sentence at the time of parole. In light of his recommitment as a convicted parole violator, the Board had statutory authority to deny him credit for the period that he spent at liberty on parole… Adding the 567 days of prior parole liberty forfeited means he still had 1593 days remaining on his sentence based on his recommitment.

* * *

Based on these facts, the Board did not give your client credit for the period he was incarcerated from August 29, 2012 to November 4, 2013 because he was being held on both the Board detainer and the new criminal charges during that period. *Gaito v. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). The Board did, however, give your client 66 days of credit for prior confinement time for the time he was incarcerated from July 24, 2011 to September 28, 2011, but not recommitted. Subtracting the credit the Board awarded your client from the time he had remaining left 1527 days remaining on his sentence.

(C.R. at 91a.) The Board explained that this 1,527-day period commenced when Petitioner became available to serve his back time on November 4, 2013, when he was sentenced on the Lackawanna County charges, and that his new maximum sentence date was January 9, 2018. This appeal followed.

## II.

In the petition for review, Petitioner asserted that the Board erred in: (1) recommitting Petitioner as a CPV based upon charges which were ultimately withdrawn in 2010; (2) failing to credit Petitioner's sentence for the time he was incarcerated at a state correctional institution from August 29, 2008, to March 19, 2010; and (3) failing to credit Petitioner's sentence for the 90-day period he was

5

confined at the Keystone Community Corrections Center commencing in September 2011.

Subsequently, counsel filed a withdrawal application claiming that after reviewing the certified record, his notes from his interview with Petitioner, and the documents Petitioner supplied to him, he has determined that the instant appeal is without merit. Specifically, in his no-merit letter[3] dated June 2, 2015, Counsel advised the Court that with regard to the principal argument that Petitioner could not be recommitted as a CPV based on charges that were subsequently withdrawn, "Further investigation has revealed[,] however, that this particular charge was not the underlying offense for the conviction underlying the instant parole…" (*Turner* Letter from Counsel (June 2, 2015) at 2.)

With respect to the Board's failure to credit Petitioner's original sentence with the time served from August 29, 2008, until March 19, 2010, Counsel explained:

> [Petitioner] was paroled from his original (DF9780) sentence to his detainer sentence (HS5330) on August 29, 2008 and not paroled from that sentence until August 24, 2009. Under these circumstances he was on constructive parole on the DF # between 8/29/2008 and 8/24/2009 and on parole on both numbers from 8/24/2009 until he was declared delinquent effective March 19, 2010 and recommitted as a technical parole violator.

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

> When the Board recommits a convicted parole violator it has the discretion not to credit his original sentence with the time he was on constructive parole serving a detainer sentence. *Merritt v. Pennsylvania [Board of Probation and] Parole*, … 574 A.2d 597 ([Pa.] 1990); *Hines v. Pennsylvania [Board of Probation and] Parole*, … 420 A.2d 381 (Pa. 1980). Further the non-delinquent time at liberty on parole which was not forfeited in his September 20, 2010 technical parole violation recommitment (8/24/2009 through 3/10/2010) is subject to forfeiture in a subsequent recommitment as a convicted parole violator. *Richards v. Pennsylvania [Board of Probation and] Parole*, 20 A.3d 596 (Pa. [Cmwlth.) (*en banc*), *appeal denied*, 29 A.3d 374 (Pa. 2011).]

(*Id.* at 2.)

Finally, with regard to the period Petitioner was confined at the Keystone Community Corrections Center, Counsel advised that because there is no record regarding the length or conditions of Petitioner's confinement there, and because it is his burden to establish the same, "I do not believe there is a sufficient record to survive a Board challenge to strike the issue." (*Id.* at 2–3.)

Counsel also averred that he notified Petitioner of his request to withdraw, provided Petitioner a copy of his no-merit letter, transmitted a copy of the certified record to Petitioner, and advised Petitioner of his right to retain new counsel or raise any points he deems worthy of consideration before the Court *pro se*.

7

# III.

## A.

Our review[4] begins with an examination of whether Counsel complied with the technical requirements binding court-appointed counsel[5] in withdrawal proceedings. These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature. As we explained in *Hughes v. Pennsylvania Board of Probation and Parole*, a constitutional right to counsel arises in parole cases where the petitioner raises a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

977 A.2d 19, 25–26 (Pa. Cmwlth. 2009) (*en banc*) (internal citation omitted). Appeals alleging that the Board did not properly calculate a petitioner's maximum date do not meet this standard and, therefore, are subject to the test enumerated in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Hughes*, 977 A.2d at 26.

---

[4] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation & Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[5] Petitioner's right to counsel in this case is a statutory right pursuant to Section 6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §9960.6(a).

Pursuant to this standard:

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless….

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (internal quotation marks and citations omitted) (original alternations omitted).  Additionally, counsel must provide to the petitioner a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising the petitioner of his right to proceed *pro se* or via new counsel.  *Id.* at 960.  Where these technical prerequisites are satisfied, the Court will conduct its own review of the merits of the case, and if we find that the claims lack merit, we will allow counsel to withdraw.  *Id.*  Conversely, if we find that the claims have merit, we will deny counsel's request and grant relief or instruct counsel to file an appellate brief.  *Id.*

Here, Counsel has complied with the technical requirements of the no-merit letter.  First, Counsel's application to withdraw asserts that he has notified Petitioner of his request to withdraw, provided him a copy of the no-merit letter he filed, transmitted a copy of the certified record to Petitioner, and advised Petitioner of his right to proceed *pro se* or through new counsel.  Additionally, as per the withdrawal application's certificate of service, a copy of the same was served upon Petitioner.

9

Moreover, Counsel's no-merit letter explains that his conclusion is based upon review of the certified record, the documents which Petitioner supplied him, and his notes from his interview with Petitioner. As detailed above, the letter also goes on to discuss each of the three issues Petitioner intended to raise before this Court and analyzes the merits of each argument, applying the relevant statutory authority and case law. Because, at least on its face, the letter sets forth substantial reasons for concluding that Petitioner's arguments are meritless, Counsel complied with the *Turner* standard, and we will conduct an independent review to determine whether the appeal is indeed meritless. *See id.* at 962.

### B.

### 1.

Regarding Petitioner's claim that the Board erred in recommitting Petitioner as a CPV with respect to charges that were ultimately dismissed in 2011, Petitioner was never recommitted on those charges. Rather, as Counsel now acknowledges, Petitioner was recommitted as a CPV based upon criminal charges filed against him by the York City Police Department and the Scranton Police Department, but not with regard to the dismissed charges which were instituted by the Pennsylvania State Police. Indeed, the DOC's "Moves Report" indicates that there was "No Recommit Action" with regard to the charges dismissed in September 2011. (C.R. at 58a.) Therefore, we agree with Counsel that this claim is without merit.

**2.**

With respect to Petitioner's claim that he did not receive proper credit for the time he was incarcerated between August 29, 2008, and March 19, 2010, the DOC's "Moves Report" demonstrates that Petitioner was paroled from his original sentence on August 29, 2008, when he began serving time for his detainer sentence.[6] He was further paroled from his detainer sentence on November 24, 2009. Therefore, from August 29, 2008, to November 24, 2009, Petitioner was on constructive parole from his original sentence, and following his release, he was on actual parole with regard to both sentences until he was declared delinquent effective March 19, 2010, and recommitted as a technical parole violator. *See Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 n.1 (Pa. 1990) ("A prisoner on constructive parole is not released from prison; although paroled on his original sentence, he immediately begins serving his new sentence." (internal quotation marks and citation omitted)).

Pursuant to the Prison and Parole Code:

(a) Convicted violators.--

_____

[6] A "detainer sentence" is:

> a sentence, separate and distinct from that sentence the parolee is presently serving, which is noted on the parolee's institutional records to ensure that, after the parolee has completed his present term, he will be available to the authority which imposed the separate sentence for service of that separate sentence rather than being released from confinement.

*Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012) (internal citation omitted).

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and *shall be given no credit for the time at liberty on parole.*

\* \* \*

(c) Technical violators.--

(1) A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing….

(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. §6138 (emphasis added).

As we described in *Richards v. Pennsylvania Board of Probation and Parole*, pursuant to Section 6138 of the Prison and Parole Code, 61 Pa. C.S. §6138,

12

technical parole violators are entitled to credit for time served while on parole in good standing and may be recommitted only for the remainder of their original sentences while CPVs are not entitled to credit for street time. 20 A.3d 596, 598–99 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 29 A.3d 374 (Pa. 2011). Further, we have made clear that:

> time spent in good standing prior to recommitment for technical violations *is not shielded from forfeiture* where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. Thus, upon recommitment as a convicted parole violator, *in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.*

*Id.* at 599 (quoting *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007)).

Initially, Petitioner should have been credited for the period from August 29, 2008, through March 19, 2010, with regard to his original sentence, as his parole was revoked only for technical violations. *See* 61 Pa. C.S. §6138(c)(2). His July 24, 2011 re-arrest by the Pennsylvania State Police following his February 2011 parole does not alter this fact as those charges were ultimately dismissed. However, Petitioner's August 29, 2012 arrest by the Scranton Police Department for the offenses of manufacture, delivery or possession with intent to manufacture or deliver heroin and promoting prostitution, with regard to which he pled guilty and was subsequently recommitted, do serve as a basis for causing Petitioner to forfeit his time spent in good standing from August 29, 2008, through March 19, 2010. Because

13

Petitioner was subsequently recommitted as a CPV, he forfeits credit for the time he spent in good standing while on parole prior to his March 2010 recommitment as a technical parole violator. *Richards*, 20 A.3d at 599. As such, we agree that this contention is without merit.

### 3.

Finally, with respect to the argument that the Board erred in failing to credit Petitioner for the period he was confined at the Keystone Community Corrections Center commencing in September 2011, we find this issue waived.

As we make clear in our recent case of *Medina v. Pennsylvania Board of Probation and Parole,* "parolees are not entitled to credit for periods in which they reside in community corrections centers (CCCs), CCFs, or inpatient treatment programs where the Board determines the parolees did not meet their burden of proving the restrictions on their liberty were the equivalent of incarceration." ___ A.3d ___, ___ (Pa. Cmwlth., No. 116 C.D. 2014, filed July 16, 2015) (en banc), slip op. at 7, 2015 WL 4291193 at *4. A legal conclusion that a parolee was not "at liberty on parole" because he was confined at a community correctional center or the like, without factual support in the record, must fail. *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985). Indeed, "[a]ll forms of parole involve some restraint on the parolee's liberty." *Id.*

The most critical factors in making such a determination are whether the resident is locked in and whether he may leave without being physically restrained. *Medina*, ___ A.3d at ___, slip op. at 10, 2015 WL 4291193 at *5. The mere fact that

14

a parolee resided at a community corrections center, by itself, is insufficient to prove that he is entitled to credit for time. *See id.* at ___ A.3d at ___, slip op. at 7, 2015 WL 421193 at *6-7. Rather, this is a factual inquiry that must be determined based upon the record, and it is a petitioner's burden to demonstrate "the specific characteristics of [a correctional] program that constituted restrictions on his liberty sufficient to warrant credit on his recomputed backtime." *Cox*, 493 A.2d at 683.

In the instant case, Counsel emphasizes that there exists no record to establish the length or conditions of confinement and argues that Petitioner will be unable to satisfy his burden in this regard. However, we need not address the merits of this issue because Petitioner failed to assert it in his administrative appeal and waived it. *See Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 34 (Pa. Cmwlth. 2006) ("Failure to raise an issue before the Board results in a waiver and precludes this Court's review."). Indeed, had the issue been asserted before the Board, it would have been required to hold a "Cox hearing," and evidence regarding the conditions of Petitioner's confinement would have been established in the record. *See Medina*, ___ A.3d at _, slip op. at 17, 2015 WL 4291193 at *7–8; *Reavis*, 909 A.2d at 36. Because Petitioner asserted only that he was not credited for "all of the time to which he was entitled," he failed to set forth a claim for credit in his request for administrative relief since he "failed to mention the facility or the period in which he alleges confinement." *Reavis*, 909 A.2d at 36.

15

Accordingly, having found Petitioner's appeal meritless, we affirm the Board's order and grant Counsel leave to withdraw.

_____<br>DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Horace Harriott, Jr,                        :
                 Petitioner            :
                                      :
       v.                             :
                                        :
Pennsylvania Board of Probation and :
Parole,                                     :
                 Respondent            :   No. 48 C.D. 2015

# **O R D E R**

AND NOW, this 10th day of September, 2015, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of January 5, 2015, is affirmed, and David Crowley, Esq.'s application to withdraw appearance is granted.

                                              _____

                                              DAN PELLEGRINI, President Judge