# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Hughes,                    ;
        Petitioner    :
                      :
        v.            :    No. 2056 C.D. 2015
                      :    SUBMITTED: September 16, 2016
Pennsylvania Board of Probation   :
and Parole,                       :
        Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER            **FILED: December 21, 2016**

Petitioner, Ronald Hughes, petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) denying his petition for administrative review from an order recommitting him as a convicted parole violator and recomputing his parole violation maximum sentence date. In addition, Petitioner's counsel, Harry J. Cancelmi, Esquire, petitions for leave to withdraw his representation, asserting that Petitioner's appeal is frivolous. After review, we deny counsel's petition for leave to withdraw without prejudice.

In November 2006, the Court of Common Pleas of Allegheny County found Hughes guilty of robbery and imposed a sentence of five to ten years. Certified Record (C.R.), Item No. 1 at 1. At that time, his controlling maximum date was December 20, 2015. In April 2012, he was paroled and released to a

specialized community corrections center. *Id*., Item No. 3 at 6. In March 2013, the Board issued a detainer for him due to technical parole violations related to controlled substance abuse. *Id*., Item No. 4 at 14-15. Having admitted to the violations and waived counsel and a hearing, Hughes was housed at SCI Pittsburgh until his diversion into a community corrections center in April 2013 and subsequent discharge to a home plan in June 2013. Thereafter, the Board issued another warrant in August 2013, when Hughes had other drug-related technical violations. *Id*., Item No. 7 at 23. He was incarcerated and later detained in another community corrections center, with treatment and a violation hearing postponed pending programming. *Id*., Item No. 9 at 32. Subsequently, the Board declared him delinquent effective June 17, 2014. *Id*., Item No. 11 at 51. In October 2014, he was arrested and charged with crimes relating to his possession of heroin. *Id*., Item No. 12 at 53-57. In November 2014, he was convicted and sentenced to two years of probation. *Id*, Item No. 14 at 81. Hughes admitted to the violations and waived counsel and hearing. *Id*., Item No. 15 at 87. In December 2014, he was recommitted as a technical parole violator to a state-contracted county correctional facility for six months. *Id*., Item No. 16 at 98-100.

In February 2015, Hughes waived his revocation hearing and counsel and admitted to his new conviction. *Id*., Item No. 18 at 109. In addition, he provided the Board with the following additional information for its consideration: "I'm sorry and I'm new father. I own my own business. I'm moving to better place in my life and hope to do better." *Id*. In a March 2015 decision, the Board ordered that Hughes be recommitted as a convicted parole violator to serve twelve months backtime and recalculated his parole violation maximum sentence date to January 21, 2018. *Id*., Item No. 20 at 126-27. Hughes, acting *pro se*, sought

2

administrative relief, which the Board denied in September 2015. *Id.*, Item No. 21 at 137-38. In October 2015, he filed a *pro se* petition for review with this Court seeking review of the Board's decision. Thereafter, we appointed the Public Defender of Greene County to represent Hughes in his appeal. Subsequently, the Public Defender filed a petition to withdraw as counsel and an *Anders* brief[1] with this Court. We now consider counsel's petition and brief.

The following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify parolee of [the] request to withdraw; (2) he must furnish parolee with a copy of an *Anders* brief or no-merit letter; and (3) he must advise parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). An appeal may be considered frivolous if it is determined to lack any basis in law or fact. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 562 (Pa. 1990).

In his petition and *Anders* brief, counsel attempted to outline the issues raised by Hughes and explained the reasons for concluding that a careful

---

[1] *Anders v. California*, 386 U.S. 738 (1967). Where appointed counsel files an *Anders* brief when a no-merit letter would have sufficed, we will accept an *Anders* brief in lieu of a no-merit letter if that brief complies with the substantive requirements of a no-merit letter. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 (Pa. Cmwlth. 2010).

review of the record indicated that the appeal was frivolous. Counsel further explained that he filed an *Anders* brief, communicated with Hughes, and attempted to explain to him that there was no arguable issue to present to this Court. Counsel also indicated that he sent Hughes, by first-class United States mail, a copy of the petition to withdraw as counsel as well as a copy of the *Anders* brief. Counsel further explained that he advised Hughes of his right to retain new counsel or to raise with this Court any points that he deemed worthy of our consideration.[2] Our review of the *Anders* brief indicates that, although it appears to meet the minimum procedural requirements, counsel has failed to satisfy the substantive requirements for withdrawal in that the brief fails to adequately address all of the issues that the offender seeks to raise.

Counsel broadly characterized the issue on appeal as follows: "Is the appeal by parole offender a frivolous appeal such that counsel's application to withdraw should be granted where the offender pleads that the Board improperly recalculated his maximum date without legal authority to do so?" Counsel's Brief at 11. As an initial matter, we observe that counsel accurately outlined Hughes' argument that the Board did not have the authority to recalculate the parole violation maximum sentence date by removing street time because, pursuant to *McCauley v. Pennsylvania Board of Probation & Parole*, 510 A.2d 877, 879 n.8 (Pa. Cmwlth. 1986), the Board "does not have the power to alter a judicially-imposed sentence." Counsel, however, did not adequately address the argument in that he speculated as to the applicability of the law affording the Board discretion to credit time for liberty spent on parole. In that regard, counsel acknowledged

---

[2] Although Hughes attempted to file a *pro se* brief, this Court was constrained to enter an order striking the brief for failure to comply with our August 4, 2016 order.

4

that Section 6138(a)(2.1) of the Prisons and Parole (Code), added by the Act of July 5, 2012, P.L. 1050 (Act 122), 61 Pa. C.S. § 6138(a)(2.1), now permits the Board, in its discretion, to credit time spent at liberty on parole, subject to certain restrictions. Counsel opined, however, that the pre-Act 122 version of Section 6138(a)(2) of the Code, 61 Pa. C.S. § 6138(a)(2), governed due to the timing of Hughes' parole revocation[3] and that, accordingly, Hughes' position was automatically without merit.[4]

Further, notwithstanding counsel's assertion that Section 6138(a)(2.1) does not apply, the record reflects that the Board considered but rejected mitigating factors in assessing whether to credit Hughes with time spent at liberty on parole.[5] In any event, even though the statutory norm is that such credit shall not be provided to a convicted parole violator, *Pittman v. Pennsylvania Board of Probation & Parole*, 131 A.3d 604, 615 (Pa. Cmwlth.), *appeal granted*, 137 A.3d 572 (Pa. 2016), this Court is troubled by counsel's failure to address the Supreme

---

[3] In his brief, counsel states that Section 6138(a)(2) of the Code was "in effect at the time of *Miller's* parole revocation," perhaps indicating that counsel mistook Hughes for Miller. Counsel's Brief at 14 (emphasis added).

[4] Section 6138(a)(2) provided: "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and *shall be given no credit for the time at liberty on parole*." (Emphasis added.)

[5] As in *Pittman v. Pennsylvania Board of Probation & Parole*, 131 A.3d 604, 609 (Pa. Cmwlth.), *appeal granted*, 137 A.3d 572 (Pa. 2016), the completed hearing report in the present case "establishes that the Board exercised discretion pursuant to section 6138(a)(2.1) by checking 'no' and denying [the offender] credit for time spent at liberty on parole." Additionally, the hearing report lists the following reasons for the Board's decision: pattern of parole failure; declaration of delinquency; failure to comply with sanctions; not amenable to parole supervision; prior parole/probation failure; conviction in court of record; and violations established. C.R., Item No. 19 at 117. The Board also indicated in its decision that it "chose not to award you credit for time at liberty on parole in recalculating your max date . . . ." *Id.*, Item No. 21 at 137.

5

Court's allowance of appeal in *Pittman* or to provide any analysis of how it may impact either his petition to withdraw as counsel or Hughes' appeal. Accordingly, counsel did not adequately address Hughes' argument regarding credit for street time.

In addition, the record belies counsel's assertion that Hughes failed to raise the question of credit for time spent in a specialized community correction center from April to June 2012. Hughes' request for administrative relief provides: "4) The Parolee was paroled to restricted Liberty/Pittsburgh Renewal [Center] for Board mandated violence prevention booster. He was *confined* until completion on June 26, 2012, a total *incarceration* of 61 days." C.R., Item No. 21 at 132 (emphasis added). Further, in his *pro se* petition for review to this Court, Hughes characterized that time period as "restricted liberty" and alleged that he did not receive credit for that time. Petition for Review, ¶ 11. Accordingly, counsel did not adequately address Hughes' argument regarding the nature of his time spent in a specialized community correction center and whether the Board erred in failing to credit it as time tantamount to incarceration.

Moreover, Hughes in his *pro se* petition for review raises an aggregate time issue and asserts that the Board is improperly recommitting him to serve more than the balance of his unexpired term. *Id.*, ¶¶ 15-18. Counsel did not address this issue or even cite *Merritt v. Pennsylvania Board of Probation & Parole*, 574 A.2d 597 (Pa. 1990), or *Davenport v. Pennsylvania Board of Probation & Parole*, 656 A.2d 581 (Pa. Cmwlth. 1995).

Accordingly, the appointed counsel's petition to withdraw must be denied and we will not proceed to the merits of the appeal. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 44 (Pa. Cmwlth. 2010) (holding that a no-

6

merit letter must include substantial reasons for concluding that an offender's arguments are without merit and that, even if an issue may not ultimately prove meritorious, appointed counsel must include the issue in a no-merit letter and explain why it is without merit). For the above reasons, therefore, we deny counsel's petition to withdraw without prejudice. He has thirty days either to file a renewed petition to withdraw, along with an amended *Anders* brief or no-merit letter adequately addressing each of Hughes' issues, or to submit a brief on the merits.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Hughes,                                    ;
        Petitioner          :
                                             :
        v.                :   No. 2056 C.D. 2015
                                             :
Pennsylvania Board of Probation                   :
and Parole,                                       :
        Respondent          :


# **O R D E R**


AND NOW, this 21st day of December, 2016, Harry J. Cancelmi's petition to withdraw as counsel is hereby DENIED without prejudice. Counsel is granted thirty (30) days from the date of this Order to file either a renewed petition to withdraw as counsel, along with an amended *Anders*[6] brief or no-merit letter, or to submit a brief on the merits of Ronald Hughes' Petition for Review.


                     **BONNIE BRIGANCE LEADBETTER,**
                     Senior Judge

---

[6] *Anders v. California*, 386 U.S. 738 (1967).