IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio J. Rivera,             :
            Petitioner    :
                      :
      v.                 :   No. 1539 C.D. 2019
                      :   Submitted: June 19, 2020
Pennsylvania Board of Probation   :
and Parole,                :
            Respondent  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: September 9, 2020

      Antonio J. Rivera petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board)[1] denying his challenge to the maximum sentence date calculated by the Parole Board after his recommitment as a convicted parole violator. On appeal, Rivera argues that he is entitled to an evidentiary hearing to establish that he is entitled to credit towards his original sentence for the time he spent in a federal prison and for the time he spent in a residential treatment program, which was the functional equivalent of incarceration. For the reasons that follow, we affirm in part, and vacate and remand in part.

      On February 25, 2014, Rivera was convicted on drug charges and sentenced by the Lancaster County Court of Common Pleas to a term of two years

---

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

and three months to six years. His minimum sentence date was October 25, 2015, and his maximum sentence date was July 25, 2019.

On October 28, 2015, Rivera was constructively paroled from his original sentence to begin serving a detainer sentence at the Federal Correctional Institution at Schuylkill. Constructive parole occurs when a prisoner is paroled from his original sentence to begin serving a new sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 n.1 (Pa. 1990). On July 28, 2016, Rivera was released from federal prison to Kintock, a residential drug treatment program. On September 9, 2016, Rivera left Kintock, with approval, to reside with his grandmother.

On May 2, 2018, Rivera was arrested on new drug charges. On May 3, 2018, Rivera was formally charged. Because Rivera did not post bail, he remained incarcerated on the new criminal charges.

Subsequently, on May 24, 2019, Rivera was convicted of conspiracy to deliver a controlled substance. On August 2, 2019, he was sentenced to six to 30 years, concurrent with any state or federal sentence he was then serving.

On August 26, 2019, the Parole Board recommitted Rivera as a convicted parole violator. In doing so, the Parole Board gave Rivera credit for the one day he was incarcerated solely on its warrant, *i.e.*, May 2, 2018. Otherwise, he received no credit for his time at liberty on parole, *i.e.,* street time. His maximum sentence date was recalculated to be April 28, 2023.

Rivera filed a petition for administrative review with the Parole Board, asserting that he was entitled to credit on his original sentence for the time he was incarcerated on the federal detainer (October 28, 2015, to July 28, 2016) and credit for the time he was a resident at Kintock (July 29, 2016, to September 9, 2016). On

2

October 15, 2019, the Parole Board denied his request for administrative relief without a hearing.

On appeal,[2] Rivera argues that the Parole Board was obligated to provide him a hearing so that he can establish that he is entitled to credit for the time he spent on parole at a federal prison and as a resident at Kintock. The Parole Board responds that Rivera is not entitled to credit for the period of time he was on constructive parole from his original sentence even though he was incarcerated during that time. With regard to Rivera's time at Kintock, the Parole Board concedes that Rivera is entitled to an evidentiary hearing to determine whether conditions in the facility were the functional equivalent of incarceration.

Where a parolee has been constructively paroled, Pennsylvania courts have explained that "he is nonetheless 'at liberty' from the original sentence[.]" *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998). If the parolee is subsequently recommitted as a convicted parole violator, his time on constructive parole is treated as any other period of street time.

In *Merritt v. Pennsylvania Board of Probation and Parole*, 539 A.2d 511 (Pa. Cmwlth. 1988), *affirmed*, 574 A.2d 597 (Pa. 1990), this Court considered whether a parolee is entitled to credit for time spent serving a concurrent sentence while constructively paroled from the original sentence. In *Merritt*, the parolee was concurrently serving an original sentence and two subsequent sentences. After the parolee was constructively paroled from his original sentence, he began serving the remaining sentences to their minimum term. He was then paroled but later

---

[2] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

recommitted as a convicted parole violator. The Parole Board denied him credit on his original sentence for the period of time that he was constructively paroled therefrom and serving his two concurrent sentences.

On appeal, this Court affirmed the Parole Board. We explained that the fact that the parolee's sentences were concurrent did not entitle him to credit towards his original sentence, from which he had been constructively paroled. The Pennsylvania Supreme Court affirmed, stating that, "one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for time spent on constructive parole." *Merritt*, 574 A.2d at 598.

*Merritt* teaches that when calculating a convicted parole violator's maximum date of sentence, "only time spent in custody serving *that sentence* is considered time served." *Spruill v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1478 C.D. 2016, filed April 7, 2017), slip op. at 6 (unreported) (emphasis added).[3] Therein, we explained:

> One cannot "equate time served on parole with time served in an institution. Mere lapse of time without imprisonment … does not constitute service of sentence…. It does not set aside or affect the sentence." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846-47 (Pa. 1979) (internal quotations and citations omitted). As a result, a convicted parole violator is not entitled to credit for time spent on constructive parole from his sentence while continuing to serve another concurrent sentence because he is not serving the time on his sentence from which he was paroled.

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

4

*Spruill*, slip op. at 6. Thus, in *Spruill*, this Court held that the parolee was not entitled to credit towards his original sentence, from which he was constructively paroled, albeit still incarcerated. This is because the parolee "could not serve his state sentence while simultaneously being at liberty from it, his time served under the federal detainer cannot be credited towards that state sentence." *Id*.

Rivera seeks an evidentiary hearing to determine whether he should be awarded credit for the time he was constructively paroled from his original sentence and in federal custody. A parolee on constructive parole is "at liberty on parole." *Merritt*, 574 A.2d at 598. Although Rivera remained incarcerated while on constructive parole, the incarceration involved another matter unrelated to his original sentence. Thus, Rivera is not entitled to credit on his original sentence for the time he served under the federal detainer, and we will affirm this part of the Parole Board's adjudication.

Rivera also challenges the Parole Board's refusal to credit his time spent at Kintock. He claims that he is entitled to an evidentiary hearing to establish that the Kintock program was the functional equivalent of incarceration, entitling him to credit towards his original sentence for his time at the facility. The law is well-settled that a parolee may be entitled to backtime credit for time spent in a residential facility where the inmate demonstrates that the residential facility's characteristics are equivalent to incarceration. *Cox v. Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985); *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691 (Pa. Cmwlth. 2009). Because the Board did not hold a hearing, this Court lacks the record evidence needed to evaluate the custodial nature of Kintock. The Parole Board acknowledges that Rivera raised the issue of time spent at Kintock and that he may be entitled to credit for that period. The Parole Board

5

requests that this Court remand the matter so that it can conduct a hearing on this matter, and we will grant the request for remand.

Accordingly, we vacate the Parole Board's adjudication denying Rivera credit for time spent at Kintock and remand this matter to the Parole Board for a factual finding on the custodial nature of Kintock. We affirm the remainder of the adjudication.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio J. Rivera,        :
          Petitioner       :
                           :
       v.                   :    No. 1539 C.D. 2019
                           :
Pennsylvania Board of Probation    :
and Parole,                     :
          Respondent    :

# **O R D E R**

AND NOW, this 9th day of September, 2020, the Pennsylvania Board of Probation and Parole's (Parole Board) adjudication, dated October 15, 2019, is VACATED, in part, and this matter is REMANDED to the Parole Board for proceedings to make a factual determination as to the nature of Kintock's program, and whether the restrictions on Antonio J. Rivera's liberty there were the equivalent of incarceration thereby entitling him to credit for his time spent in the program. The remainder of the Parole Board's adjudication is AFFIRMED.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge